Nancy Steffen Rahmeyer, P.J.
D.D.C., the biological father ("Father") of A.S.L.B. ("Child"), appeals the termination of his parental rights on the basis that the termination was not in the best interest of Child. In his point relied on, Father purports to challenge every factual finding of the trial court; however, Father actually complains only that each finding is against "the logic of the circumstances." For instance, Father does not claim that the finding that Father has no emotional ties to Child was error, but instead rationalizes *318 that there was no way he could have an emotional tie to Child because he was not offered visits with Child while he was in jail and did not have money to send letters from jail. Each of the other complaints likewise rationalize each of the court's findings as being against the logic of the circumstances because of his long incarceration. Father's point is denied; the judgment is affirmed.
To summarize, evidence was presented that, at the time of the trial, Father had been sentenced as a prior and persistent offender for several offenses, including a charge of child endangerment of another child of Father's. Father, while under the influence of methamphetamine, inflicted severe injuries, including skull fractures, on his child when the child was only a couple of months old. Per an exhibit from the Department of Corrections, Father's sentence summary includes a maximum discharge date of January 2035, and both mandatory and conditional release dates of January 2032.[1]
Prior to his current sentence, Father had been out of prison but had no contact with Child. He did not provide any financial support, only wrote five or six letters to Child, and provided no support for his claim that he had taken drug treatment and parenting classes. Child was in a potential adoptive home. The trial court certainly did not abuse its discretion.
The judgment is affirmed.
Jeffrey W. Bates, J.-Concurs
Daniel E. Scott, J.-Concurs

Father testified that he may be released in January 2018, if he successfully completes a drug treatment program; however, the court was free to disregard this testimony as speculative.